# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2022

Lyle W. Cayce
Clerk

No. 21-60911

STEPHANIE GOREE,

*Plaintiff—Appellant*,

*versus*

CITY OF VERONA; J. B. LONG, *in his individual capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:17-cv-93

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.
PER CURIAM:*

Stephanie Goree sued the City of Verona and J.B. Long, alleging that she suffered sexual harassment and gender discrimination while employed by the City of Verona Police Department. The district court granted in part the defendants' motion for summary judgment. Goree lost at trial and now appeals the summary judgment ruling and an evidentiary ruling. We affirm.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60911

## I.

Stephanie Goree began working for the Verona Police Department ("VPD") in 2008. At that time, J.B. Long was the interim Chief of Police. Goree alleges that Long made inappropriate comments toward her and inappropriately touched her more than ten times in 2008, leading her to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and quit her job.

VPD hired a new Chief of Police in 2009, at which point Goree voluntarily withdrew her EEOC charge and rejoined VPD. In January 2011, VPD hired a new Police Chief, Anthony Anderson. Goree alleges that Anderson made sexual remarks, inappropriately touched her on numerous occasions, and propositioned her for sex multiple times, all between January 2011 and June or July 2011. Goree does not allege that she was sexually harassed between July 2011 and July 2015.

In July 2015, Long become Chief of Police. Goree alleges that later in 2015, Long made two sexually harassing remarks to her. On January 28, 2016, Goree submitted a written grievance against Long to the City of Verona's Board of Aldermen. The Board held an executive session on March 10, 2016, to address the grievance. Goree was given an opportunity to present witnesses or other evidence but did not do so, and the Board dismissed Goree's allegations.

Goree alleges that after making this complaint to the Board of Aldermen, Long cut her hours, refused to let her work overtime, forced her to take a non-random retaliatory drug screen, and forced her to drive and patrol in an unsafe patrol car. Goree further alleges that on February 27, 2017, a day when Long was her backup, Long refused to assist her when she was assaulted while responding to a crime scene. Goree was hospitalized after the assault and sustained substantial injuries.

No. 21-60911

Goree filed a charge of discrimination with the EEOC in September 2016. She then filed this suit in June 2017. Goree brought Title VII gender discrimination and retaliation claims against the City of Verona, and retaliation and equal protection claims against Long under 42 U.S.C. § 1983.

Verona and Long ("Defendants") moved for summary judgment on all of Goree's claims. The district court granted the motion in part. First, it limited Goree's sexual harassment and hostile work environment claims to the conduct after Long became Chief of Police in July 2015. For the earlier alleged harassment, the court found that Goree missed the 180-day deadline to file a charge with the EEOC, *see* 42 U.S.C. § 2000e-5(e)(1), and that the continuing violation doctrine did not permit consideration of the earlier alleged harassment given "the significant lapse in time between the alleged conduct and the intervening action of hiring new Chiefs."

Second, the court found that Goree had abandoned her retaliation claim because she did not address Defendants' arguments regarding retaliation in her response to their summary judgment motion. In the alternative, the court held summary judgment should be granted on the retaliation claim because Goree had not provided evidence that her prior complaint caused the alleged retaliatory conduct.

The court permitted Goree to proceed to trial on her Title VII hostile work environment claim against the City of Verona for post-July 2015 conduct and on her § 1983 individual-capacity hostile work environment claim against Long. The jury found for Defendants on all claims.

Goree timely appealed. We review the district court's summary judgment ruling *de novo*, and its evidentiary rulings at trial for abuse of discretion. *Smith v. Regional Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016); *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 356 (5th Cir. 1995).

No. 21-60911

II.

Goree makes three arguments on appeal. None has merit.

First, Goree argues that the district court erred by granting summary judgment to the Defendants with respect to pre-2015 conduct. She claims that she should have been permitted to rely on such conduct under the continuing violation doctrine, because no intervening employer act—such as a "prompt remedial action to protect the claimant," *see Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 329 (5th Cir. 2009) (internal quotation marks omitted)—severed the earlier harassment from the post-July 2015 harassment. We have cautioned, however, that to invoke the continuing violation doctrine, "the plaintiff must demonstrate that the separate acts [of harassment] are related." *Id.* at 238. Moreover, "the continuing violation doctrine is tempered by the court's equitable powers, which must be exercised to honor Title VII's remedial purpose without negating the particular purpose of the filing requirement." *Id.*

Here, the district court properly found that Goree could not rely on earlier alleged incidents of harassment under the continuing violation doctrine. Specifically, although Goree alleges that she suffered sexual harassment in 2008 and over a five or six-month period in 2011, she concedes that matters thereafter improved and she suffered no harassment for a period of four years or more. Additionally, the Chief of Police title changed hands multiple times during that period. This long delay and intervening personnel changes defeat any attempt to argue that the earlier and post-July 2015 harassment should be treated as a single violation under the continuing violation doctrine. *See, e.g.*, *Felton v. Polles*, 315 F.3d 470, 486 (5th Cir. 2002) (holding that a "three-year break defeats any attempt to establish a continuing violation"); *accord Butler v. MBNA Tech., Inc.*, 111 F. App'x 230, 234 (5th Cir. 2004).

4

No. 21-60911

Second, Goree argues that the district court erred by finding that she had abandoned her retaliation claim in her summary judgment briefing. Goree points to factual allegations regarding harassment that she now claims was retaliatory and sufficiently close in time to the filing of her EEOC charge to support a Title VII retaliation claim. But in her summary judgment briefing, Goree did not ever use these factual allegations to defend her retaliation claim, nor did she explain any causal connection between her EEOC charge and the harassment. So the district court's abandonment holding was not error. *See, e.g.*, *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (a court need not "raise and discuss legal issues that [a party] has failed to assert").

Third and finally, Goree argues that the district court abused its discretion by excluding evidence of Long's failure to respond to the assault on February 27, 2017. The district court heard a proffer of this evidence and then excluded it after finding that it was only relevant to Goree's retaliation claim, which she had abandoned at the summary-judgment stage. On appeal, Goree does not argue that her evidence concerning the assault is relevant to anything other than her retaliation claim. And we have already held the district court properly granted summary judgment to the Defendants on that claim. So we cannot find that it was an abuse of discretion to exclude evidence only relevant to a theory of liability that was no longer in the case. *See Kelly*, 61 F.3d at 356.

AFFIRMED.